UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 5:25-cv-02976-FWS-PD    Date: November 10, 2025
Title: Francisco Eduardo Ixtos Ajqui v. Kristi Noem *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Petitioner:                Attorneys Present for Respondents:

Not Present                                                          Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING PETITIONER'S *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER [4]**

Petitioner Francisco Eduardo Ixtos Ajqui brings this Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 against Respondents Kristi Noem, Secretary of the Department of Homeland Security ("DHS"); Pamela Bondi, Attorney General of the United States; Todd Lyons, Acting Director of Immigration and Customs Enforcement ("ICE"); Ernesto Santacruz Jr., Acting Director of the Los Angeles Field Office of ICE, Enforcement and Removal Operations; Fereti Semaia, Warden of Adelanto ICE Processing Center; Executive Office for Immigration Review; ICE; and DHS.  (Dkt. 1 ("Petition" or "Pet.").)  Among other relief, Petitioner seeks a writ requiring that he be released from custody unless Respondents provide him with a bond hearing pursuant to 8 U.S.C. § 1226(a).  (*Id.* at 20.)

Before the court is Petitioner's Application for Temporary Restraining Order and Order to Show Cause.  (Dkt. 2 ("Application" or "App.").)  Respondents oppose the Application.  (Dkt. 6 ("Opp.").)  The court finds this matter appropriate for resolution without oral argument.  *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute").  Based on the record, as applied to the relevant law, the Application is **GRANTED.**

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:25-cv-02976-FWS-PD                                                                   Date: November 10, 2025
Title: Francisco Eduardo Ixtos Ajqui v. Kristi Noem *et al.*

### I.     Background

    Petitioner alleges the following. Petitioner is a foreign national currently in federal custody at the ICE Adelanto Detention Center in Adelanto, California. (Pet. ¶ 1.) On August 21, 2025, while ICE was "conducting targeted enforcement duties" under "Operation At Large targeting immigration violators in Los Angles, California . . . in direct support of Presidential Executive Orders," Petitioner "was encountered and arrested." (Dkt. 4-2, Ex. B (DHS Record of Deportable/Inadmissible Alien).) On August 26, 2025, Petitioner was issued a Notice to Appear charging that he is inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as a noncitizen present in the United States without being admitted or paroled. (Dkt. 4-2, Ex. A (Notice to Appear).) Before his arrest, Petitioner was "physically present within the interior of and residing in the United States." (Pet. ¶ 2.)

    "A recent DHS policy . . . considers anyone arrested within the United States and charged with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) to be an 'applicant for admission' under 8 U.S.C. § 1225(b)(2)(A)." *Mosqueda v. Noem*, 2025 WL 2591530, at *1 (C.D. Cal. Sept. 8, 2025); (Pet. ¶ 4, n.1). "Pursuant to section 1225(b)(2)(A) 'applicants for admission' who are 'seeking admission' are subject to mandatory detention." *Mosqueda*, 2025 WL 2591530, at *1. "Prior to the new policy, foreign nationals, like [Petitioner], who were charged with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) for being present in the United States without being admitted or paroled were considered detained pursuant to 8 U.S.C. § 1226(a), which allows for release on bond or conditional parole." *Id.*

    Based on these allegations, Petitioner alleges that his ongoing detention without a bond hearing violates 8 U.S.C. § 1226(a), DHS and EOIR bond regulations, the Administrative Procedure Act, and his Fifth Amendment right to due process. (Pet. ¶¶ 53-66.)

### II.    Legal Standard

    The "opportunities for legitimate *ex parte* applications are extremely limited," *Horne v. Wells Fargo Bank, N.A.*, 969 F. Supp. 2d 1203, 1205 (C.D. Cal. 2013), and such applications are "rarely justified." *Mission Power Eng'g Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). To justify *ex parte* relief, the moving party must establish: (1) that their

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:25-cv-02976-FWS-PD  Date: November 10, 2025
Title: Francisco Eduardo Ixtos Ajqui v. Kristi Noem *et al.*

cause of action will be irreparably prejudiced if the underlying motion is heard according to regular noticed procedures; and (2) that they are without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect. *Id.* at 492-93.

A temporary restraining order ("TRO") may be issued upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). The analysis for granting a TRO is "substantially identical" to that for a preliminary injunction. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001). Either "is an extraordinary remedy that may be awarded only if the plaintiff clearly shows entitlement to such relief." *See Am. Beverage Ass'n v. City & Cnty. of San Francisco*, 916 F.3d 749, 754 (9th Cir. 2019) (en banc) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)).

A plaintiff seeking a TRO must demonstrate (1) they are "likely to succeed on the merits"; (2) they are "likely to suffer irreparable harm in the absence of preliminary relief"; (3) that "the balance of equities tips in [their] favor"; and (4) that "an injunction is in the public interest." *Id.* (quoting *Winter*, 555 U.S. at 20). Courts in the Ninth Circuit "also employ an alternative serious questions standard, also known as the sliding scale variant of the *Winter* standard." *Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021) (citation modified). Under that approach, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011).

A party seeking preliminary injunctive relief must make a "certain threshold showing" on "each [*Winter*] factor." *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011). "The most important among these factors is the likelihood of success on the merits." *Junior Sports Mags. Inc. v. Bonta*, 80 F.4th 1109, 1115 (9th Cir. 2023). "This is especially true for constitutional claims, as the remaining *Winter* factors typically favor enjoining laws thought to be unconstitutional." *Id.*

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.: 5:25-cv-02976-FWS-PD | Date: November 10, 2025 |
| Title: Francisco Eduardo Ixtos Ajqui v. Kristi Noem *et al.* | |

### III. Analysis

Petitioner seeks an *ex parte* temporary restraining order requiring Respondents to release Petitioner from custody or to provide Petitioner an individualized bond hearing before an immigration judge, and to prohibit Respondents from relocating Petitioner outside the Central District of California pending resolution of this litigation. (App. at 1.) The court finds Petitioner has adequately demonstrated that *ex parte* relief is appropriate because his continued detention without a bond hearing, to which he would be entitled to under 8 U.S.C. 1226(a), constitutes irreparable injury. *Mosqueda*, 2025 WL 2591530, at *2. Accordingly, the court considers (1) Respondents' jurisdictional challenge, and then considers Petitioner's showing regarding (2) likelihood of success on the merits, (3) irreparable harm, and (4) balance of the equities and the public interest. *See Winter*, 555 U.S. at 20.

### A. Jurisdiction

Respondents argue that the court lacks jurisdiction over the Petition under 8 U.S.C. § 1252(b)(9) and (g). (Opp. at 5-9.)

Section 1252(b)(9) provides:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, *arising from any action taken or proceeding brought to remove an alien from the United States* under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28 or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

8 U.S.C. § 1252(b)(9) (emphasis added). Respondents argue that Section 1252(b)(9) means the Petition should be brought "before the appropriate federal court of appeals in the form of a

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:25-cv-02976-FWS-PD                                    Date: November 10, 2025
Title: Francisco Eduardo Ixtos Ajqui v. Kristi Noem *et al.*

petition for review of a final removal order." (Opp. at 6.) The court is not persuaded. The Supreme Court has explained "that the 'arising from' language of section 1252(b)(9) should not be interpreted so expansively as to include any action that technically follows the commencement of removal proceedings, because that would bar judicial review of questions of law and fact that are unrelated to the removal proceeding until a final order of removal was issued." *Mosqueda*, 2025 WL 2591530, at *3 (citing *Jennings v. Rodriguez*, 583 U.S. 281 (2018)); *see Jennings*, 583 U.S. at 294-95 ("[I]t is enough to note that respondents are not asking for review of an order of removal; they are not challenging the decision to detain them in the first place or to seek removal; and they are not even challenging any part of the process by which their removability will be determined. Under these circumstances, § 1252(b)(9) does not present a jurisdictional bar."); *Ibarra-Perez v. United States*, 154 F.4th 989, 1000 (9th Cir. 2025) ("We have held that § 1252(b)(9) does not does not bar claims that are independent of or collateral to the removal process.") (internal quotation omitted). "Therefore, as in *Jennings*, under these circumstances, § 1252(b)(9) does not present a jurisdictional bar." *Mosqueda*, 2025 WL 2591530, at *3 (citation modified).

The court turns to Respondents' argument under Section 1252(g), which provides:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien *arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.*

8 U.S.C. § 1252(g) (emphasis added). Respondents argue Section 1252(g) bars judicial review of Petitioner's claims because the claims stem from his detention, which arises from the decision to "commence proceedings" of removal against him. (Opp. at 5.) "The Court finds that the same reasoning discussed above with respect to section 1252(b)(9) applies to section 1252(g)." *Mosqueda*, 2025 WL 2591530, at *3 (citing *Jennings*, 583 U.S. at 294 ("We did not interpret [section 1252(g)] to sweep in any claim that can technically be said to 'arise from' the three listed actions of the Attorney General. Instead, we read the language to refer to just those

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 5:25-cv-02976-FWS-PD | Date: November 10, 2025 |
| Title: Francisco Eduardo Ixtos Ajqui v. Kristi Noem *et al.* | |

three specific actions themselves.")). "Since [Petitioner's] bond denial claims do not challenge any decision to commence proceedings, adjudicate cases, or execute removal orders, the Court finds that section 1252(g) does not present a jurisdictional bar to judicial review." *Id.*

### B. Likelihood of Success on the Merits

The court therefore turns to Petitioner's showing on the *Winter* factors, beginning with the likelihood of success on the merits. Petitioner's claims in this case are based on his contention that he is being unlawfully detained as an "applicant[] for admission" pursuant to Section 1225(b)(2)(A) without a bond hearing, instead of under Section 1226(a) pursuant to which he would be entitled to a bond hearing. (App. at 9-19.) The court observes the issues presented in this Petition have been repeatedly litigated in this District in recent months. The Petition lists eighteen cases in the Central District and Southern District, (Pet. ¶ 40), in addition to cases from "over forty other courts," (*id.* ¶ 41). And in the Opposition, the government does not apply the law to any particular facts of this case, but rather merely "reiterates [] the legal position it has taken in its opposition to the *ex parte* TRO application filed in" four other cases in this district where courts granted TROs. (Opp. at 1 (collecting cases)); *see also Mosqueda*, 2025 WL 2591530, at *4 ("Respondents note that the government takes the same legal position here as it has taken in opposition to *ex parte* TRO applications in at least four other proceedings brought in this District involving the same legal issue," and "[t]he Court notes that in each of those cases, TROs were granted."). Under these circumstances, and especially given the high volume of recent authority on these issues, with which the court agrees, the court only summarizes its findings here.[1]

---

[1] *See, e.g.*, *Portillo v. Noem*, Case No. 5:25-cv2892-JFW-PVCx, Dkt. 7 (C.D. Cal. Oct. 31, 2025) ("The Court concludes that Petitioners have demonstrated that they are entitled to the requested TRO. Numerous federal courts, including five in this District, have addressed the same legal issues presented here and have granted the petitioners' requests for TROs. [Case Citations.] Specifically, for the reasons stated in those opinions, the Court holds" there is no jurisdictional bar, petitioners made a sufficient showing on the *Winter* fctors, and issuing a TRO is appropriate.).

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:25-cv-02976-FWS-PD  Date: November 10, 2025
Title: Francisco Eduardo Ixtos Ajqui v. Kristi Noem *et al.*

___

Section 1225 enumerates procedures by which the government may mandatorily detain "applicants for admission." 8 U.S.C. § 1225. An applicant for admission is a noncitizen "present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters)." *Id.* Under Section 1225(b)(2), "if the examining immigration officer determines that an alien *seeking admission* is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a." *Id.* (emphasis added). In contrast, Section 1226(a) provides that "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). "Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306. "In sum, U.S. immigration law authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2). It also authorizes the Government to detain certain aliens already in the country pending the outcome of removal proceedings under §§ 1226(a) and (c)." *Jennings*, 583 U.S. at 289.

"The Court agrees with [Petitioner] that the plain text of section 1226(a) applies to [him]." *Mosqueda*, 2025 WL 2591530, at *4; (*see* Pet. ¶ 6 ("Section 1225(b)(2)(A) does not apply to individuals like the Petitioner who previously entered and is now present and residing in the United States.")). Petitioner alleges and the evidence reflects that until he was arrested, he was "physically present within the interior of and residing in the United States," not "seeking admission." (Pet. ¶ 2; Dkt. 4-2.) As Petitioner notes, (Pet. ¶¶ 40-41), district courts in this District and across the country have examined the text, structure, agency application, and legislative history of Section 1225(b)(2) and concluded that it applies to noncitizens seeking admission, rejecting Respondents' position that this statute applies to noncitizens not lawfully admitted but already present and residing in the United States. *See, e.g., Mosqueda*, 2025 WL 2591530, at *4; *Salcedo Aceros v. Kaiser*, 2025 WL 2637503, at *8 (N.D. Cal. Sept. 12, 2025) (collecting cases).

"Respondents do not appear to argue otherwise." *Mosqueda*, 2025 WL 2591530, at *4; (*see generally* Opp.). "Instead, respondents contend that the mandatory detention provision of section 1225(b)(2) presents an 'irreconcilable conflict' with the bond hearing provision of section 1226(a), and therefore, the specific detention authority of section 1225 governs over

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:25-cv-02976-FWS-PD   Date: November 10, 2025
Title: Francisco Eduardo Ixtos Ajqui v. Kristi Noem *et al.*

the more general authority of section 1226." *Mosqueda*, 2025 WL 2591530, at *4; (Opp. at 9-10). However, "[t]he Court finds that the conflict is avoided by interpreting sections 1225(b)(2) and 1226(a) to apply to different sets of noncitizens—those 'seeking admission' compared to those already in the country who are arrested and detained." *Mosqueda*, 2025 WL 2591530, at *5.

In support of their position, Respondents rely on *Matter of Jonathan Javier Yajure Hurtado*, 29 I & N Dec. 216 (BIA 2025) ("*Yajure Hurtado*") where the Board of Immigration Appeals ("BIA") determined on September 5, 2025, that noncitizens who entered the U.S. without being admitted were "seeking admission" under Section 1225(b)(2)(A), even though they were living in the United States for years. (Opp. at 9-11.) "However, not only does *Yajure Hurtado* merit little deference due to its inconsistency with earlier BIA decisions, but its reasoning is also at odds with the text of sections 1225 and 1226." *Valencia Zapata v. Kaiser*, 2025 WL 2741654, at *10 (N.D. Cal. Sept. 26, 2025); *see also Salcedo Aceros*, 2025 WL 2637503, at *8-9 (finding other district courts' conclusion that Section 1225(b)(2) applies only to noncitizens seeking admission more persuasive than *Yajure Hurtado*); *Lepe v. Andrews*, 2025 WL 2716910, at *4 n.5 (E.D. Cal. Sept. 23, 2025) (similar).

In summary, "[t]he Court agrees with [Petitioner] that 'seeking admission' requires an affirmative act such as entering the United States or applying for status, and that it does not apply to individuals who, like [Petitioner], have been residing in the United States and did not apply for admission or a change of status. Accordingly, the Court concludes that [Petitioner is] likely to succeed on the merits of [his] claims because section 1226(a), not section 1225(b)(2), likely governs [his] detention." *Mosqueda*, 2025 WL 2591530, at *5.

### C.   Irreparable Harm

"It is well established that the deprivation of constitutional rights unquestionably constitutes irreparable injury." *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (citation modified); *see Warsoldier v. Woodford*, 418 F.3d 989, 1001-02 (9th Cir. 2005) (explaining that a party seeking preliminary injunctive relief for violation of a constitutional right can establish irreparable injury sufficient to merit the grant of relief by demonstrating the existence of a colorable constitutional claim); *Elrod v. Burns*, 427 U.S. 347, 373 (1976)

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:25-cv-02976-FWS-PD                              Date: November 10, 2025
Title: Francisco Eduardo Ixtos Ajqui v. Kristi Noem *et al.*

___

("[I]njuries to constitutional rights are considered irreparable for even minimal periods of time.") (citation modified); *Goldie's Bookstore, Inc. v. Superior Ct. of State of Cal.*, 739 F.2d 466, 472 (9th Cir. 1984) ("An alleged constitutional infringement will often alone constitute irreparable harm."); Wright and Miller, 11A Fed. Prac. & Proc. Civ. § 2948.1 (3d ed. 2019) ("When an alleged deprivation of a constitutional right is involved . . . most courts hold that no further showing of irreparable injury is necessary."); *Junior Sports Mags.*, 80 F.4th at 1120 (explaining that when a party shows a likelihood of success on the merits of a constitutional claim, "the remaining *Winter* factors favor enjoining the likely unconstitutional law"). "If a plaintiff bringing [a constitutional] claim shows he is likely to prevail on the merits, that showing will almost always demonstrate he is suffering irreparable harm as well." *Baird v. Bonta*, 81 F.4th 1036, 1042 (9th Cir. 2023).

"The Court finds that [Petitioner] would be immediately and irreparably harmed by [his] continued deprivation of liberty without bond hearings that they are entitled to under section 1226(a)." *Mosqueda*, 2025 WL 2591530, at *6.

### D. Balance of the Equities and Public Interest

"When the government is a party, the last two factors merge." *All. for the Wild Rockies*, 632 F.3d at 1132. "A plaintiff's likelihood of success on the merits of a constitutional claim also tips the merged third and fourth factors decisively in his favor." *Baird*, 81 F.4th at 1042. And "[i]t is always in the public interest to prevent the violation of a party's constitutional rights." *Cal. Chamber of Commerce v. Council for Educ. and Research on Toxics*, 29 F.4th 468, 482 (9th Cir. 2022) (citation modified). Indeed, "public interest concerns are implicated when a constitutional right has been violated, because all citizens have a stake in upholding the Constitution." *Preminger v. Principi*, 422 F.3d 815, 826 (9th Cir. 2005); *Junior Sports Mags.*, 80 F.4th at 1120 (explaining that when a party shows a likelihood of success on the merits of a constitutional claim, "the remaining *Winter* factors favor enjoining the likely unconstitutional law").

Although "the government has a compelling interest in the enforcement of its immigration laws," "the Court finds that the balance of equities and public interest factors tip in

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:25-cv-02976-FWS-PD                              Date: November 10, 2025
Title: Francisco Eduardo Ixtos Ajqui v. Kristi Noem *et al.*

___

favor of [Petitioner] because [Petitioner] challenge[s] a policy that is likely in violation of federal law." *Mosqueda*, 2025 WL 2591530, at *6.

    In summary, at this stage of the proceedings, the court rejects Respondents' contention that the court lacks jurisdiction and concludes Petitioner has made a sufficient showing on all of the *Winter* factors to be entitled to a temporary restraining order.

**IV.**    **Disposition**

    For the foregoing reasons, the Application is **GRANTED**.

    Accordingly, Respondents are **ENJOINED** from continuing to detain Petitioner unless Petitioner is provided an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) on or before **November 17, 2025**. If Petitioner is not provided a bond hearing in accordance with this Order, Respondents are **ORDERED** to release Petitioner from custody on or before **November 18, 2025, at 1:00 p.m. Pacific Standard Time**.

    Respondents are further **ENJOINED** from transferring, relocating, or removing Petitioner from the Central District of California pending final resolution of this litigation absent further order of the court.

    Respondents are **ORDERED** to show cause in writing on or before November 19, 2025, as to why the court should not issue a preliminary injunction in this case. Petitioner may file a response on or before November 25, 2025, at 9:00 a.m. The court sets a hearing on whether a preliminary injunction should issue on **December 4, 2025, at 10:00 a.m., in Courtroom 10D.**

___