_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:25-cv-02976-FWS-PD                                  Date: November 26, 2025
Title: Francisco Eduardo Ixtos Ajqui v. Kristi Noem *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Rolls Royce Paschal | N/A |
| Deputy Clerk | Court Reporter |

Attorneys Present for Petitioner:                          Attorneys Present for Respondents:

Not Present                                                         Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER TO GOVERNMENT TO SHOW CAUSE WHY SANCTIONS SHOULD NOT ISSUE FOR FAILURE TO COMPLY WITH COURT ORDER [8]; ORDER TO PETITIONER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED AS MOOT**

On November 6, 2025, Petitioner Francisco Eduardo Ixtos Ajqui filed this Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 against Respondents Kristi Noem, Secretary of the Department of Homeland Security ("DHS"); Pamela Bondi, Attorney General of the United States; Todd Lyons, Acting Director of Immigration and Customs Enforcement ("ICE"); Ernesto Santacruz Jr., Acting Director of the Los Angeles Field Office of ICE, Enforcement and Removal Operations; Fereti Semaia, Warden of Adelanto ICE Processing Center; Executive Office for Immigration Review; ICE; and DHS. (Dkt. 1 ("Petition" or "Pet.").) Among other relief, Petitioner sought a writ requiring that he be released from custody unless Respondents provided him with a bond hearing pursuant to 8 U.S.C. § 1226(a). (*Id.* at 20.)

Concurrent with the Petition, Petitioner filed an Application for Temporary Restraining Order that would require respondents to release him from custody or to provide him with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven days of the issuance of a TRO. (Dkt. 2 ("Application").) On November 10, 2025, the court granted the Application, enjoining Respondents "from continuing to detain Petitioner unless Petitioner is provided an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) on or before November 17, 2025." (Dkt. 8 ("TRO") at 10.) The

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:25-cv-02976-FWS-PD                    Date: November 26, 2025
Title: Francisco Eduardo Ixtos Ajqui v. Kristi Noem *et al.*

court also ordered Respondents to show cause in writing on or before November 19, 2025, as to why the court should not issue a preliminary injunction.  (*Id.*)

Respondents did not comply with this Order; a week after the deadline, Respondents have filed nothing.  (*See generally* Dkt.)

The court has now received Petitioner's Submission in Support of Preliminary Injunction and Compliance with Temporary Restraining Order.  (Dkt. 9 ("Submission").)  In the Submission, Petitioner explains that an Immigration Judge performed a bond hearing on November 14, 2025, and denied Petitioner bond.  (*Id.* at 3.)  However, Petitioner contends that the bond hearing was insufficient, arguing "[t]he IJ's introductory remarks showing irritation, if not some hostility to the Court's Order requiring a bond hearing, coupled with the IJ's failure to consider probative evidence regarding lack of flight risk and failure to provide a reasoned explanation for the bond denial demonstrates that Petitioner was not provided with a bond hearing that complied with the law, specifically 8 U.S.C. §1226(a), and the Fifth Amendment."  (*Id.* at 5-6.)  Accordingly, Petitioner argues "the Court should issue the Preliminary Injunction requiring Respondents' to release Petitioner pursuant to any terms that may be set by the Court, or, in the alternative, requiring compliance with the Court's previous Order to provide Petitioner with an individualized bond hearing pursuant to 8 U.S.C. §1226(a) that complies with the law and with the Fifth Amendment."  (*Id.* at 6.)

**I.      Order to Show Cause to the Government Why Sanctions Should Not Issue for Failing to Comply with Court Order**

The government is **ORDERED TO SHOW CAUSE** in writing by declaration, on or before **December 1, 2025, at noon,** why sanctions should not be imposed for failing to comply with the OSC.

In addition, the government is **ORDERED** to file a response to the OSC—which was due a week ago, on November 19, 2025—on or before **December 2, 2025, at noon.**  The government is further **ORDERED**, now that the government's response is so late, to include in the government's response a reply to Petitioner's arguments in Petitioner's response to the OSC

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:25-cv-02976-FWS-PD                    Date: November 26, 2025
Title: Francisco Eduardo Ixtos Ajqui v. Kristi Noem *et al.*

(Dkt. 9), and the government's position on the OSC to Petitioner why the case should not be dismissed as moot, (Section II, *infra*).

## II.  Order to Show Cause to Petitioner Why Case Should Not Be Dismissed as Moot

"A case becomes moot when interim relief or events have deprived the court of the ability to redress the party's injuries." *United States v. Alder Creek Water Co.*, 823 F.2d 343, 345 (9th Cir. 1987); *see also NASD Disp. Resol., Inc. v. Jud. Council*, 488 F.3d 1065, 1068 (9th Cir. 2007) (finding appeal to be moot when the plaintiffs had already been granted the relief they sought).  Courts have an obligation to consider mootness *sua sponte*, and should deny requested relief where it is superfluous.  *In re Burrell*, 415 F.3d 994, 997 (9th Cir. 2005).  The "basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted." *Nw. Envtl. Def. Ctr. v. Gordon*, 849 F.2d 1241, 1244 (9th Cir. 1988).

Here, the relief Petitioner sought was to receive a bond hearing or be released from custody.  (Pet. at 20.)  Petitioner has received a bond hearing.  (*See* Dkt. 9.)  The court recognizes Petitioner's arguments regarding the insufficiency of the bond hearing he received, and the court will address those arguments in deciding whether the preliminary injunction should issue after the court receives the government's late response to the OSC.  In the meantime, the court **ORDERS** Petitioner to show cause in writing on or before **December 2, 2025, at noon** why this case should not be dismissed as moot.  *See, e.g.*, *Javier Gonzales et al. v. Kristi Noem et al.*, 5:25-cv-02054-ODW-BFM, Dkt. 16 (denying as moot the petitioners' request for a preliminary injunction after they received bond hearings pursuant to a TRO, and issuing OSC re dismissal); *Moises Salomon Zaragoza Mosqueda v. Kristi Noem et al.*, 5:25-cv-002304- CAS-BFM, Dkt. 15 (similar).  If Petitioner wishes, Petitioner may file a reply to the government's response, described in Section I above, on or before **December 3, 2025, at noon**.

**The in-person hearing regarding a preliminary injunction, which will now also concern all of the matters in this Order, remains set for December 4, 2025, at 10:00 a.m., in Courtroom 10D.**

_____